**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MDB COMMUNICATIONS, INC. <br> 1050 17th Street, NW <br> Suite 500 <br> Washington, DC 20036 <br><br>         Plaintiff, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY <br> Hartford Plaza <br> Hartford, Connecticut 06115 <br><br>    SERVE: CT Corporations Systems <br>           1015 15th Street, NW <br>           Suite 1000 <br>           Washington, D.C. 20005 <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, MDB Communications, Inc., by Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered, its attorneys, sues Hartford Casualty Insurance Company for monetary damages as follows:

**JURISDICTION; PARTIES**

1.     MDB Communications, Inc. ("MDB") is a corporation that provides advertising and marketing services to a wide array of clients.  Its principal place of business is 1050 17th Street, NW, Suite 500, Washington, D.C. 20036.  At all times relevant to these allegations, it was doing business in, is incorporated by, and is a citizen of the District of Columbia and derives substantial revenues from its business

activities in the District of Columbia.

2.  Hartford Casualty Insurance Company ("Hartford") is a corporation in the business of providing insurance policies and coverage in the District of Columbia. At all time relevant to these allegations, it was doing business in the District of Columbia and derives substantial revenues from its business activities in the District of Columbia. It incorporated by and a citizen of Connecticut.

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331(a)(1) and venue is proper in this district pursuant to 28 U.S.C. §1391.

**CLAIMS**

### COUNT 1
(Breach of Contract)

4.  MDB and Hartford entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 3") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery. The term of Policy 3 was July 28, 2002 until July 28, 2003.

5.  Paragraph A.6 of the Super Stretch Coverage to Policy 3 provided defendant would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty.

6.  An additional limit of insurance for forgery of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Coverage for Forgery under Policy 3.

7.  The total limit of insurance under Policy 3 was Fifty Thousand Dollars

($50,000).

8. At all times during the duration of Policy 3, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 3.

9. During the term of Policy 3, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

10. The employee committed separate acts of defalcation during the term of Policy 3 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

11. These occurrences resulted in unrecovered losses to MDB during Policy 3.

12. MDB gave Hartford written notice of claims under Policy 3 and thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 3.

13. Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 3's total limits of Fifty Thousand Dollars ($50,000).

14. Policy 3 provided coverage for this occurrence and these losses.

15. Hartford breached Policy 3 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

16. MDB suffered damages proximately related to the breach of the terms in Policy 3 by Hartford.

**COUNT 2**
(Breach of Contract)

17. MDB and Hartford entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 4") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery. The term of Policy 4 was July 28, 2001 until July 28, 2002.

18. Paragraph A.6 of the Super Stretch Coverage to Policy 4 provided defendant would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty.

19. An additional limit of insurance for forgery of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Coverage for Forgery under Policy 4.

20. The total limit of insurance under Policy 4 was Fifty Thousand Dollars ($50,000).

21. At all times during the duration of Policy 4, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 4.

22. During the term of Policy 4, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

23. The employee committed separate acts of defalcation during the term of Policy 4 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

24. These occurrences resulted in unrecovered losses to MDB.

25. MDB gave Hartford written notice of claims under Policy 4 and thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 4.

26. Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 4's total limits of Fifty Thousand Dollars ($50,000).

27. Policy 4 provided coverage for this occurrence and these losses.

28. Hartford breached Policy 4 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

29. MDB suffered damages proximately related to the breach of the terms in Policy 4 by Hartford.

### COUNT 3
(Breach of Contract)

30. MDB and Hartford entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 5") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery. The term of Policy 5 was July 28, 2000 until July 28, 2001.

31. Paragraph A.6 of the Super Stretch Coverage to Policy 5 provided defendant would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty.

32. An additional limit of insurance for forgery of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Coverage for Forgery under Policy 5.

33. The total limit of insurance under Policy 5 was Fifty Thousand Dollars

($50,000).

34. At all times during the duration of Policy 5, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 5.

35. During the term of Policy 5, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

36. The employee committed separate acts of defalcation during the term of Policy 5 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

37. These occurrences resulted in unrecovered losses to MDB.

38. MDB gave Hartford written notice of claims under Policy 5 and thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 5.

39. Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 5's total limits of Fifty Thousand Dollars ($50,000).

40. Policy 5 provided coverage for this occurrence and these losses.

41. Hartford breached Policy 5 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

42. MDB suffered damages proximately related to the breach of the terms in Policy 5 by Hartford.

## COUNT 4
(Breach of Contract)

43.	MDB and Hartford entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 6") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery. The term of Policy 6 was July 28, 1999 until July 28, 2000.

44.	Paragraph A.6 of the Super Stretch Coverage to Policy 6 provided defendant would pay up to Ten Thousand Dollars ($10,000) as limit of insurance to cover loss from employee dishonesty.

45.	An additional limit of insurance for forgery of Ten Thousand Dollars ($10,000) was provided in the Super Stretch Coverage for Forgery under Policy 6.

46.	The total limit of insurance under Policy 6 was Twenty Thousand Dollars ($20,000) .

47.	At all times during the duration of Policy 6, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 6.

48.	During the term of Policy 6, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

49.	The employee committed separate acts of defalcation during the term of Policy 6 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

50.	These occurrences resulted in unrecovered losses to MDB.

51. MDB gave Hartford written notice of claims under Policy 6 and thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 6.

52. Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 6's total limits of Fifty Thousand Dollars ($20,000).

53. Policy 6 provided coverage for this occurrence and these losses.

54. Hartford breached Policy 6 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

55. MDB suffered damages proximately related to the breach of the terms in Policy 6 by Hartford.

**PRAYERS FOR RELIEF**

WHEREFORE, MDB prays for the following relief:

1. Count 1: Judgment against Hartford Casualty Insurance Company in the amount of Seventy Thousand Dollars ($50,000);

4. Count 2: Judgment against Hartford Casualty Insurance Company in the amount of Fifty Thousand Dollars ($50,000);

5. Count 3: Judgment against Hartford Casualty Insurance Company in the amount of Fifty Thousand Dollars ($50,000);

6. Count 4: Judgment against Hartford Casualty Insurance Company in the amount of Twenty Thousand Dollars ($20,000);

5. Judgment for its costs incurred herein; and

6. Such other and further relief as the Court deems just and equitable under

the circumstances and facts.

                                   PALEY, ROTHMAN, GOLDSTEIN,
                                   ROSENBERG EIG & COOPER, CHTD.

                                   By:_____
                                      Roy Niedermayer, Esq. #180380

                                   4800 Hampden Lane, 7th Floor
                                   Bethesda, MD 20814
                                   Telephone: (301) 951-4456

                                   Attorney for Plaintiff