**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE

Plaintiff, MDB Communications, Inc., by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, submits this Memorandum of Points and Authorities In Support of its Motion to Consolidate and states as follows:

1.      This case involves a series of contracts of casualty insurance identified as Policy Number 42 SBA EV9713 DV ("the Policies") between MDB Communications, Inc. ("MDB") and Hartford Casualty Insurance Company ("Hartford").  The Policy provides coverage, *inter alia,* for acts of employee dishonesty and forgery.  Beginning in 1999, MDB sustained losses as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.  The employee committed repeated acts of defalcation from 1999 to 2005.  The employee withdrew funds from the accounts of MDB and had money from MDB account number 002086828654 at Bank of America (formerly known in this area as NationsBank, NA) transferred to her individual accounts or paid for her benefit to third parties.  These occurrences resulted in losses to MDB of approximately $658,000.  MDB discovered

Ms. Essex's actions on or about February 7, 2005.

2.      On October 7, 2005, MDB filed a two count Complaint for breach of contract in the Superior Court of the District of Columbia for Hartford's failure to pay pursuant to the contract ("Lawsuit 1").  This action was later removed to this Court and docketed as *MDB Communications, Inc. v. Hartford Casualty Insurance Company*, Civil No. 05-2131-PLF.

3.      This action ("Lawsuit 2") is for breach of contract for claims arising under the Policy periods from July 28, 1999 to July 28, 2000; July 28, 2000 to July 28, 2001; July 28, 2001 to July 28, 2002; and July 28, 2002 to July 28, 2003.

4.      Lawsuit 1 and 2 are based on the same facts and the same types of insurance contracts with the same insurer.  The cases involve similar claims and legal issues and facts.  The main differences are the time periods involved.  In the interest of judicial economy and the expeditious resolution of all claims, this Court should consolidate Lawsuits 1 and 2 for all purposes including trial, but at least for determination of common issues of law and contract interpretation because they are based on similar contracts and arise out of similar facts and legal questions.

PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER, CHTD.


By:_____
   Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Plaintiff's Memorandum of Points and Authorities in Support of its Motion to Consolidate will be served with the Summons and Complaint to:

Hartford Casualty Insurance Company
CT Corporations Systems
1015 15th Street, NW, Suite 1000
Washington, D.C. 20005

_____
Roy Niedermayer, Esq. Bar #180380