IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MDB COMMUNICATIONS, INC.,    *
                                     *

       Plaintiff,            *

                                    *    **Civil Case No.:  05-CV-02131-PLF**

v.                                *
                                     *

HARTFORD CASUALTY INSURANCE *
COMPANY,                      *
                                     *

       Defendant.        *
*    *    *    *    *    *    *    *    *    *    *

**<u>DEFENDANT HARTFORD'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT</u>**

**I.     Introduction**

     Monetary limitations on the risk an insurer is willing to accept, as well as an

insured's obligation to timely submit and substantiate a loss as a condition to recovery,

are both fundamental examples of the methods used by insurers to limit their exposure to

the risk they are willing to accept for the agreed premium. Plaintiff, MDB

Communications, Inc. ("MDB"), does not believe it is subject to such constraints; in its

view, it can freely present its claims at any time, with or without supporting

documentation, and do so on its own terms to effectively increase its available coverage

at the expense of Hartford's subrogation rights. MDB's eleventh hour submission of four

new proofs of loss is only the latest, most extreme example of its casual attitude toward

its contractual obligations. A month after the close of discovery, and the day before

dispositive motions were due, MDB submitted proofs of loss for claims it had never

asserted before, and simultaneously sought to assert breach of contract claims against

Hartford for failing to pay those claims. This breach of policy conditions only serves to

highlight why Defendant Hartford is entitled to summary judgment in the present case.

MDB's failure to produce the necessary documentary support for its claim and its attempt to avoid policy limits at the expense of Hartford's subrogation rights combined to form the original basis for Hartford's motion for summary judgment. Now, with its latest claims submitted in the midst of litigation, additional grounds for summary judgment apply: Plaintiff failed to present its new proofs of loss within sixty days of Hartford's request; and the forgery coverage it relies upon now for the first time specifically excludes losses "resulting from any dishonest or criminal act committed" by an MDB employee.  Hartford's motion for summary judgment should be granted as all of MDB's claims, both new and old, and MDB's motion should be denied.

## II.     MDB is barred from pursuing its new claims as it failed to submit proofs of loss for those claims consistent with its contractual obligations.

Under Special Property Coverage Form at Section E, Property Loss Conditions, Hartford's insurance policy includes the following provisions:

> **3. Duties In The Event Of Loss Or Damage**
> You *must* see that the following are done in the event of loss or damage to Covered Property:
>
> \*          \*          \*
>
> **h.** *Send us a signed, sworn statement of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request.*  We will supply you with the necessary forms.
>
> \*          \*          \*
>
> **4.  Legal Action Against Us**
> No one may bring a legal action against us under this insurance unless:
>
> **a.** *There has been full compliance with all of the terms of this insurance.*

*Exhibit A, Tab 7 to Hartford's Motion for Summary Judgment* (emphasis in italics added). District of Columbia courts recognize that when an insured fails to comply with such provisions in an insurance policy, it is precluded from recovering under the policy. *Adelman v. St. Louis Fire & Marine Ins. Co.*, 293 F.2d 869 (C.A.D.C. 1961) (affirming judgment in favor of an insurer where the insured failed to submit a written proof of loss within the 60 period required by the insurance policy); *Ace Van & Storage Co., Inc. v. Liberty Mut. Ins. Co.*, 336 F.2d 925, 926-27 (C.A.D.C. 1966) (affirming judgment in favor of the insurer in a case involving insurance coverage for "criminal defalcations by employees" where the insured failed to submit its proofs of loss within the 90 day period provided by the policy and where the policy required full compliance with all provisions before any suit could be brought against the insurer). This is especially true where, as in this case, the insurance policy requires compliance with all of the policy provisions before suit may be brought against the insurer. *Ace Van & Storage*, 336 F.2d at 927 (holding that a similar "unambiguous contract provision" was of the kind that had been "judicially expressly effectuated in this jurisdiction"). Indeed in the liability insurance context, similar notice provisions have been deemed "the essence of the contract" as "efficient and economical liability administration requires early knowledge of the claim in order that proper investigation might be made." *Diamond Service Co., Inc. v. Utica Mut. Ins. Co.*, 476 A.2d 648, 652 (D.C. App. 1984) (citations omitted); *Waters v. American Automobile Ins. Co.*, 363 F.2d 684 (C.A.D.C. 1966) (citations omitted).

On February 15, 2005, Hartford requested that MDB submit proofs of loss and documentation supporting any claim and sent it copies of the proof of loss form for such submission. *Exhibit 1 to Affidavit of R. Niedermayer submitted in support of Plaintiff's*

3

*Motion for Summary Judgment.* MDB initially indicated that its loss totaled $103,477.09,

and requested payment of the policy limit of $45,000 for the policy period of 2003-04

only. *Id.* Later, on April 11, 2005, MDB submitted proofs of loss for two policy

periods, 2003-2005 policy periods on April 11, 2005, with a total claim of $230,740.09.

*Exhibit 2 to Affidavit of R. Niedermayer submitted in support of Plaintiff's Motion for*

*Summary Judgment; Exhibit B to Hartford's Motion for Summary Judgment.* MDB

noted that it had received restitution from Ms. Essex, but that it had unilaterally opted to

apply those funds to losses incurred before it July 2003, all without supporting

documentation. *Id.*

On August 11, 2005, Hartford rejected these proofs of loss due to MDB's failure

to submit documentation supporting its claim, but agreed that MDB could submit new

proofs of loss and documentation supporting is claim within 30 days. *Exhibit C to*

*Hartford's Motion for Summary Judgment.* MDB submitted the same two proofs of loss

on September 9, 2005, and then filed the instant suit against Hartford on October 7, 2005.

*Exhibit F to Hartford's Motion for Summary Judgment.* On March 31, 2006, MDB

submitted four additional proofs of loss for prior policy periods, from 1999-2003, and

simultaneously initiated a new lawsuit concerning the new proofs of loss and moved to

amend the Complaint in the instant case. *Exhibit 1, copies of proofs of loss submitted to*

*Hartford.*

Submission of four new proofs of loss almost a year after proofs were due,

combined with MDB's initiation of this litigation long before the proofs were filed,

constitutes a breach of policy conditions as a matter of law. *Adelman*, 293 F.2d at 869;

*Ace Van & Storage Co.,* 336 F.2d at 926-27. Summary judgment as to these untimely claims should be granted accordingly.

**III.    MDB is barred from pursuing its new claims as the insurance policy provisions concerning forgery specifically exclude coverage for losses incurred from dishonest acts by MDB's employee**

The insurance policy issued by Hartford to MDB also contained an endorsement entitled "Forgery Coverage" that was an additional coverage for losses due to forgery or alteration.  However, this coverage specifically excludes the following:

> **5.    Exclusion**
> The following exclusion applies in addition to the Exclusions in the Crime Common Conditions and Exclusions.
> ***We will not pay for loss resulting from any dishonest or criminal act committed by any of your "employees",*** directors, or trustees:
> a.   Acting alone or in collusion with other persons; or
> b.   While performing services for you or otherwise.

*Exhibit 2, part of Exhibit A from Hartford's Motion for Summary Judgment* (emphasis added in bolded italics).  In its new suit and its Motion to Amend is Complaint Plaintiff alleges that it incurred losses due to a forgery scheme executed by Ms. Essex, who was of course its employee.  *Complaint in Civil Action No. 06-0604 at ¶¶ 9, 22, 35, 48;* *Plaintiff's Motion to Amend at ¶¶ 1, 7.*  Simply put, this exclusion does not permit recovery under the additional forgery coverage for dishonest or criminal acts by an insured employee; for MDB to now argue otherwise would be decidedly inconsistent with it prior contentions. As a result, summary judgment is appropriate with respect to this latest theory of recovery.

IV.    **MDB's decision to pursue maximum recovery from its dishonest employee prior to submitting its claims to Hartford effectively prevented Hartford from any meaningful exercise of its subrogation rights.**

The Common Policy Conditions of Hartford's policy at issue in this case provide

in relevant part:

### K.  TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

1.  Applicable to Property Coverage:

If any person or organization to or for whom we make payment under this policy has rights to recover damages from another, those rights are transferred to us to the extent of our payment. *That person or organization must do everything necessary to secure our rights and must do nothing to impair them.* But you may waive your rights against another party in writing:

a.  Prior to a loss to your Covered Property;
b.  After a loss to your Covered Property only if, at the time of the loss, that party is not one of the following:
   (1) Someone insured by this insurance;
   (2) A business firm:
       (a) Owned or controlled by you; or
       (b) That owns or controls you; or
   (3) Your tenant.

*Exhibit A to Hartford's Motion for Summary Judgment.* at Tab 8 (emphasis in italics

added). Hartford's subrogation rights attach upon its payment, to the extent of its

payment – not after an insured has been fully compensated for any uninsured losses. An

insured who expects to receive payment must act in order to secure and protect Hartford's

subrogation rights, and must not do anything that weakens those rights.

MDB would have the court believe that it can avoid any obligation to protect

Hartford's subrogation rights through the simple expedient of obtaining a partial recovery

before submitting a claim for the balance. In this case, MDB decided to obtain maximum

recovery from its dishonest former employee, Marilyn Essex, almost two months prior to

submitting its claim to Hartford.  *See Exhibits B-D dated February 17-18, 2005 of*

*Affidavit of P. Gorelick submitted in support of Plaintiff's Motion for Summary*

*Judgment; Exhibit 2 of Affidavit of R. Niedermayer submitted in support of Plaintiff's*

*Motion for Summary Judgment noting submission of two proofs of loss by*

*correspondence dated April 11, 2005.*  By correspondence dated April 11, 2005, MDB

submitted its proofs of loss stating that its loss totaled $230,740.09, but only after

recovering $279,000 from Ms. Essex.  *Exhibit B to Hartford's Motion for Summary*

*Judgment; Exhibit 9 to Affidavit of R. Niedermayer submitted in support of Plaintiff's*

*Motion for Summary Judgment.* MDB simply cannot effectively increase its available

coverage in this fashion at the expense of Hartford's subrogation rights consistent with

MDB's contractual obligation to "do everything necessary to secure" Hartford's

subrogation rights, and "do nothing to impair" those rights.[1]

## V.     MDB is barred from recovery where it failed to provide documentation prior to filing suit against Hartford in the present case.

As discussed in Hartford's original motion, summary judgment is also appropriate

as MDB breached policy conditions by failing to submit documentation supporting its

claim consistent with Hartford's requests prior to filing suit.  MDB nevertheless attempts

---

[1] Significantly, even if Hartford were liable for all six policy periods the amount recoverable under the Hartford policy would be less than MDB has already obtained form Ms. Essex. MDB has recovered $279,000, and Hartford's maximum liability would be $175,000, computed as follows:

| | |
|---|---|
| 2004-05: | $45,000 limit |
| 2003-04: | $45,000 limit |
| 2002-03: | $25,000 limit |
| 2001-02: | $25,000 limit |
| 2000-01: | $25,000 limit |
| 1999-00: | $10,000 limit |

to distinguish its failure to produce complete documentation until two weeks after the discovery deadline from those cases in which insureds have completely refused to produce documentation. However, MDB cannot escape the fact that it did not comply with Hartford's requests before filing suit, and therefore did not comply with policy conditions before doing so. MDB opted to file suit on October 7, 2005, long before it finally produced the requested documents on March 13, 2006 (five months later). *Plaintiff's Opposition to Hartford's Motion for Summary Judgment at pp. 5-9.* Such a breach of policy conditions warrants judgment in Hartford's favor as a matter of law. *See, e.g., Powell v. United States Fidelity & Guar. Co.*, 855 F. Supp. 858, 860 (E.D. Va. 1994), *aff'd* 88 F.3d 271 (4th Cir. 1996) (granting summary judgment to insurer where insured produced some but not all material documents and insured had an obligation to comply with policy conditions). Therefore, Hartford's motion for summary judgment should be granted.

**VI.    Conclusion**

For all of the reasons noted above, and as previously discussed in Hartford's original motion, summary judgment should be granted in favor of Hartford in both the consolidated cases, and Plaintiff's motion should in turn be denied.

Respectfully submitted,

_____/s/_____
GEORGE E. REEDE, JR.
D.C. Bar No. 43062
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone:  (410)783-6300
Fax:  (410)783-6410
*Attorney for Defendant*

## TABLE OF AUTHORITIES

*Ace Van & Storage Co., Inc. v. Liberty Mut. Ins. Co.*, 336 F.2d 925 (C.A.D.C. 1966)

*Adelman v. St. Louis Fire & Marine Ins. Co.*, 293 F.2d 869 (C.A.D.C. 1961)

*Diamond Service Co., Inc. v. Utica Mut. Ins. Co.*, 476 A.2d 648 (D.C. App. 1984)

*Powell v. United States Fidelity & Guar. Co.*, 855 F. Supp. 858 (E.D. Va. 1994), *aff'd* 88 F.3d 271 (4th Cir. 1996)

*Waters v. American Automobile Ins. Co.*, 363 F.2d 684 (C.A.D.C. 1966)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April 2006, a copy of the foregoing

Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment

was served via electronic transmission upon:

Roy I. Niedermayer, Esquire
Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.
4800 Hampden Ln., 7th Floor
Bethesda, MD  20814
*Attorney for Plaintiff*

_____/s/_____
GEORGE E. REEDE, JR., Bar No. 43062