## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MDB COMMUNICATIONS, INC.     )
              )
      Plaintiff,     )
              )
v.            ) Civil No. 06-CV-000604-PLF
              )
HARTFORD CASUALTY INSURANCE COMPANY )
              )
      Defendant.    )

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT UPON PLAINTIFF'S COMPLAINT

  Plaintiff, MDB Communications, Inc., ("MDB") by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd., files this Memorandum of Points and Authorities in Opposition to the Motion to Dismiss or, Alternatively, for Summary Judgment Upon Plaintiff's Complaint of defendant ("Insurance Company").

### THE RELATIONSHIP BETWEEN CONSOLIDATED ACTIONS CIVIL NO. 05-2131 AND 06-0604.

  Civil Action Nos. 05-2131 and 06-0604 consolidate all MDB's claims under a series of insurance policies with the Insurance Company covering the period from July 28, 1999 through February 7, 2005.  All of the claims in each case arise out of the dishonest conduct of MDB's comptroller and the theft of $645,861.97 during the successive six annual one-year periods of coverage.  *See* Cary Hatch Affidavit at ¶ 27, attached to MDB's Motion for Summary Judgment and incorporated herein ("Hatch. Aff. at ¶ __").

  The first filed action, Civil  No. 05-2131 ("Case One"), seeks recovery for losses

suffered during the periods from July 28, 2003 through July 28, 2004 under Policy 1[1/]

and July 28, 2004 through February 7, 2005 under Policy 2 when the thefts were

discovered. Hatch. Aff. at ¶ 25, 26. MDB commenced the second action, Civil No. 06-

0604 ("Case Two"), upon discovery of additional and archived policies, Policy 3, 4, 5,

and 6,[2/] with Insurance Company providing coverage from July 28, 1999 through July

28, 2003. Hatch. Aff. at ¶ 21, 22, 23, and 24. The following chart shows the policy

number, policy period and coverage amount for employee dishonesty during the entire

six year period that MDB sustained losses:

| Policy Number | Policy Period | Coverage Amount for Employee Dishonesty |
|---|---|---|
| 1 | July 28, 2003 through July 28, 2004 | $45,000 |
| 2 | July 28, 2004 through July 28, 2005 | $45,000 |
| 3 | July 28, 2002 through July 28, 2003 | $25,000 |
| 4 | July 28, 2001 through July 28, 2002 | $25,000 |
| 5 | July 28, 2000 through July 28, 2001 | $25,000 |
| 6 | July 28, 1999 through July 28, 2000 | $10,000 |

The consolidated actions cover the entire period of the thefts by the dishonest

employee and involve a series of six policies. Hatch. Aff. at ¶ 19, 27, and 42. The

policies themselves have differing levels of coverage for employee dishonesty, Hatch

---

[1/] References to defined terms, Policy 1 and Policy 2, are those used in the Complaint in Civil No. 05-2131.

[2/] References to defined terms, Policy 3, 4, 5, and 6, are those used in the Complaint in Civil No. 06-0604.

Aff. at ¶ 6, 11, 43, 44, 45, 46, and 47, but there is no present evidence in the record about the language regarding coverage, MDB's requisite notice of loss, or information provision requirements for Policies 3 - 6.

**ISSUES BEFORE THE COURT.**

In Case One, Insurance Company moved for summary judgment on the dual grounds that: (i) MDB failed to provide Insurance Company with documentation in support of its claim and (ii) MDB prejudiced Insurance Company's subrogation rights in such a matter as to bar MDB's recovery under the policies. In its Reply to MDB's Opposition to Insurance Company's Motion for Summary Judgment, the Insurance Company added seemingly new grounds that MDB had failed to submit Proofs of Loss complying with the Policy requirements and the lack of coverage for forgery if resulting from the dishonest acts of MDB's employee.

In the same case, MDB cross-moved for summary judgment in its favor on the grounds that: (i) MDB was entitled to recover the total limits of coverage under Policies 1 and 2 because it had not yet been made whole for all of the losses it sustained, even though MDB obtained restitution from the dishonest employee in the amount of $279,510.79, (ii) that even if the restitution amounts were applied to the earliest losses first, MDB was still entitled to damages against Insurance Company in the full amount of the policy limits for Policies 1 and 2, and, alternatively, (iii) that even if the restitution amounts were applied proportionately to the losses in each policy term MDB was still entitled to recover damages from Insurance Company in the full policy limits under Policy 1 and a substantial portion of the policy limits under Policy 2.

Neither of the parties raised any genuine issues about the existence, enforceability, coverage scope, or other matters involving the two Policies.

In response to MDB's filing of Case Two, Insurance Company again seeks summary judgment[3/] and incorporates its prior Motion and Reply from Case One, which set forth multiple bases for summary judgment as explained above. In the present Motion, however, Insurance Company explicitly limits the grounds advanced for summary judgment. The specific grounds for summary judgment in Case Two on which Insurance Company relies are (i) MDB's untimely filing of new Proofs of Loss under Policies 3 - 6 for the period from July 28, 1999 through July 28, 2003 and (ii) the lack of any coverage for forgery where the forgery arises from the acts of a dishonest employee. Insurance Company does not seek summary judgment in Case Two on the basis of MDB's failure to provide adequate information to Insurance Company.

Although the Complaint in Case Two does allege "forgery," Complaint ¶ 6, 19, 32, 45, in order to simplify the issues before the Court, MDB does not seek recovery under the Policies for forgery. To the extent the Complaint allegations read as seeking separate recovery for forgery by its employee, MDB withdraws such claims for coverage under the forgery provisions or endorsements of Policies 3 - 6 in Case Two.

---

[3/] MDB treats Insurance Company's Motion as one for summary judgment under Fed. R. Civ. P. 56 rather than a Motion to Dismiss under Fed. R. Civ. P. 12 because Insurance Company incorporates exhibits and facts extrinsic to the Complaint. Fed. R. Civ. P. 12(b).

**STATEMENT OF PERTINENT FACTS.**

<u>General Background Facts</u>.

The general tale of these consolidated actions is set forth in detail in MDB's Statement of Undisputed Facts and Memorandum in Support of its Motion for Summary Judgment in Case One. This story is quite simple. Reduced to its general essentials, MDB hired a comptroller to oversee its financial operations and bookkeeping activities. Hatch. Aff. at ¶ 14. From 1999 through February 7, 2005, that comptroller stole $645,861.97 by forging the name of MDB's authorized signatory, Cary Hatch, on a series of MDB checks. Hatch. Aff. at ¶ 17 and 27. The money was transferred to the accounts of the employee or paid to third parties on behalf of debts of the employee. Hatch. Aff. at ¶ 18. The dishonesty was discovered by MDB on February 7, 2005. Hatch. Aff. at ¶ 17.

From July 28, 1999 through February 7, 2005, MDB had a series of renewal insurance policies with Insurance Company that covered employee dishonesty. Hatch. Aff. at ¶ 42. These policies had increasing amounts of coverage for employee dishonesty from the beginning to the end of this period. Hatch Aff. at ¶ 6, 11, 43, 44, 45, 46, and 47. The amounts of coverage are set forth in a chart contained in this Memorandum, *supra* at 2.

Upon discovery of the dishonesty, MDB notified Insurance Company. Hatch Aff. at ¶ 37. At the time, MDB knew it had policies covering the period July 28, 2003 through July 28, 2005, and made claims under those policies. Hatch Aff. at ¶ 38 and 39. Subsequently during discovery in Case One as MDB retrieved its archived records, it discovered that it had policies with Insurance Company dating back to 1999. *See* Cary

Hatch Affidavit at ¶ 8, attached to MDB's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Or, Alternatively, for Summary Judgment upon Plaintiff's Complaint ("Hatch. Aff. 2 at ¶ __").  Thereafter, MDB made claims under those additional policies.  Hatch. Aff. 2 at ¶ 4, 5, 6, and 7.

Meanwhile, during 2005, MDB recovered money from the dishonest employee in the amount of $279,510.79.  Hatch Aff. at ¶ 35.  Prior to collecting that amount, MDB notified Insurance Company of its intent to proceed to recover from the dishonest employee because of the necessity for speed before the assets were hidden or dissipated.  *See* Philip A. Gorelick Affidavit at ¶ 24, attached to MDB's Motion for Summary Judgment and incorporated herein.

Specific Summary Judgment Facts.

The specific facts pertinent to the grounds for Insurance Company's Motion for Summary Judgment in Case Two as specifically stated and identified by Insurance Company's Motion are more limited and focused.  After discovery of the thefts, MDB notified Insurance Company of the losses.[4]  Hatch Aff. at ¶ 37.  Insurance Company responded with its letter of February 15, 2005 enclosing copies of a form Proof of Loss and requesting information concerning the losses.  *See* Exhibit 1, Letter of Insurance Company dated February 15, 2005 attached to Affidavit of Roy I. Niedermayer.  On April 11, 2005, MDB responded with completed Proofs of Loss setting forth the amount claimed under Policies 1 and 2.  Hatch Aff. at ¶ 38 and 39.  Those Proofs of Loss were

---

[4] This first notice was later duplicated and formalized by a notice of March 16, 2005 from MDB's counsel.  See Exhibits 2 and 3, Letters of MDB dated March 16, 2005 attached to Affidavit of Roy I. Niedermayer.

filed timely and limited to claims for the period from July 28, 2003 through February 7, 2005.  Hatch Aff. at ¶ 38 and 39.  MDB later supplemented these Proofs of Loss with further information requested by Insurance Company or gave Insurance Company access to MDB's business records.  Hatch Aff. at ¶ 37.

Although Insurance Company had corporate knowledge that it had issued a series of policies to MDB from 1999 to 2006, it never notified MDB of possible coverage prior to July 28, 2003.  Hatch Aff. 2 at ¶ 9.  Moreover, when Insurance Company supplied copies of the Proofs of Loss to MDB, it did not request that MDB submit documentation regarding the pre-July 28, 2003 losses.  Hatch Aff. 2 at ¶ 10.

In response to requests of Insurance Company, informally and during discovery of Case One, MDB provided information concerning the losses and events back to 1999. Hatch Aff. at ¶ 37.  Upon discovery of additional policies, on March 30, 2006, MDB submitted additional Proofs of Loss on the form of Insurance Company.  Hatch Aff. 2 at ¶ 4, 5, 6, and 7.  Each Proof of Loss was limited to the actual period and the amount of coverage in that Policy.  Hatch Aff. 2 at ¶ 4, 5, 6, and 7.  Insurance Company never made a request for additional information after receipt of these Proofs of Loss for claims under Policies 3 - 6.    Hatch Aff. 2 at ¶ 10.

**TABLE OF CITATIONS.**

<u>Cases</u>.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970) . . . . . . . . . . . . . . . . . . . . .  10

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) . . . . . . . . . . . . . . . . . . . . . . . .  10

*Columbia Cas. Co. v. Columbia Hosp. for Women*,
633 F. Supp. 697, 699 (D. DC. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*FSLIC v. Burdette*, 718 F. Supp. 649, 653 (E.D. Tenn. 1989) . . . . . . . . . . . . . . . .  13

*Starks v. North East Ins. Co.*, 408 A.2d 980, 982 (D.C. 1979) . . . . . . . . . . . . . .  13

*Travelers Indem. Co. of Illinois v. United Food & Commercial Workers Intern. Union*,
770 A.2d 978, 991 (D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

<u>Rules</u>.

Fed. R. Civ. P. 12, 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

LCvR 7h . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**SUMMARY OF ARGUMENT.**

There are insufficient facts in the evidentiary record before the Court concerning the time deadlines for submission of Proofs of Loss forms to permit entry of summary judgment. Even if the evidence exists, MDB timely filed its Proofs of Loss because Insurance Company never triggered the 60 day deadline by its required actions under the Policies or waived the time requirement. Finally, if MDB's Proofs of Loss were not timely as a matter of law, there is a genuine factual dispute over the material issue of timeliness of submission of the Proofs of Loss which only the trier of fact may resolve.

-8-

**ARGUMENT.**

I.    The Court Must Deny Summary Judgment in Favor of Insurance Company on the Issue of MDB's Compliance with Timely Filing of Proofs of Loss Under Policies 3 - 6.

    A.    There is No Evidence Before the Court About the Time Requirements for Filing Proofs of Loss for Policies 3 - 6.

Pursuant to Fed. R. of Civ. P. 56(c), summary judgment in favor of Insurance Company cannot be rendered unless there an evidentiary basis from pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to show that there is no genuine issue as to any material fact. LCvR 7h also requires that a Motion for Summary Judgment be accompanied by a Statement of Material Facts on which Insurance Company contends there is no genuine issue. That filing is absent in this record in Case Two and not satisfied by such a statement in Case One because the statement in Case One does not reference Policies 3 - 6 which are essential to Case Two.

Insurance Company's stated basis for summary judgment is the failure of MDB to submit Proofs of Loss within 60 days of Insurance Company's request. Ins. Co. SJ Motion at 2. Insurance Company incorporates by reference its Motion for Summary Judgment and Supporting Memoranda along with its Reply Memorandum in Support of its Motion filed in Case One. *Id.* at 1. This is the evidentiary record on which it relies for the entry of summary judgment.

The claims of MDB in Case Two, are based upon insurance policies with terms from July 28, 1999 through July 28, 2003. Insurance Company has not made these policies part of the evidentiary record before this Court. Copies of the policies or the

-9-

relevant portions regarding any duties of MDB to file Proofs of Loss at any time are not contained in any affidavit previously submitted, any affidavit currently submitted, any Statement of Material Facts as to which there is no genuine dispute and thereby admitted or any other discovery by way of admissions, interrogatories, document production or deposition.  There is simply no evidence before the Court which it can determine what are the actual requirements under Policies 3 - 6 for notice and filing of Proofs of Loss for claims arising under those policies.

Insurance Company as the moving party has the burden of showing there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970).  It has not and cannot do this because there is no evidence of what those terms are in the evidentiary record, and it is not a burden of plaintiff to point out a factual dispute based on a lack of evidence.  *Adickes*, 398 U.S. at 153.  Insurance Company assumes the language of Policies 3 - 6 is identical to the language of Policies 1 and 2.  It may or may not be as a matter of fact if it were before the Court in the evidence.  But it is absent at this time.  There is, thus, no evidentiary basis for making this assumption or taking such an inference.  On this basis alone, Insurance Company's Motion for Summary Judgment must fail as either lacking any evidentiary basis or as failing to show a lack of a genuine issue on this very material fact.

B.    MDB Timely Filed Proofs of Loss with Insurance Company under Policies 3 - 6 for the Coverage Periods 1999-2003.

Even if the Court presumes that Policies 3 - 6 have the same policy language and time requirement terms for filing Proofs of Loss as those contained in Policies 1 and 2,

summary judgment is inappropriate because MDB timely filed Proofs of Loss for Policies 3 - 6. In accordance with Policy provision E(3) of the Special Property Coverage Form, the required sequence for notification and submission of claims under the Policies involved notice by MDB to Insurance Company of losses, a response by Insurance Company providing required forms and requesting information, and a submission of Proofs of Loss within 60 days <u>after</u> Insurance Company's response to MDB. *See* Exhibit A, Tab 7 attached to Insurance Company's first Motion for Summary Judgment.

Shortly after learning of the dishonest acts of its employee, MDB notified Insurance Company about the losses and claims for those portions of the total losses incurred during the policy terms of Policies 1 and 2. Hatch Aff. at ¶ 38 and 39. Insurance Company responded with a request for information about the claims actually made and a provision of the requisite forms to be filed by MDB within 60 days after its February 15, 2005 notice. *See* Exhibit 1. On April 11, 2005, MDB filed the Proofs of Loss for Policies 1 and 2. Hatch Aff. at ¶ 38 and 39. Examination of the sworn Proofs of Loss forms demonstrates that the forms are limited to losses occurring during the terms of Policies 1 and 2 and only for losses sustained by MDB during those periods. Hatch Aff. at ¶ 38 and 39. There is no mention or claim made for any losses occurring prior to July 23, 2003. Hatch Aff. 2 at ¶ 8 and 9. Insurance Company raised no issue of the timeliness of the submission of the Proofs of Loss for Policies 1 and 2.

After the discovery process revealed the existence of Policies 3 - 6, a fact not brought to MDB's attention by Insurance Company,[5/] MDB consolidated the notice and

_____

[5/] Had Insurance Company requested information on claims made under other policies with it or Policies 3 - 6 known by it to exist, MDB would have provided the information

proof of loss submission process into one event and simultaneously provided notice and submitted the Proofs of Loss to Insurance Company about March 30, 2006 for the claims made under Policies 3 - 6.  Hatch Aff. 2 at ¶ 4, 5, 6 and 7.  MDB used the form that had previously been provided by Insurance Company.  Hatch Aff. 2 at ¶ 4, 5, 6 and 7.  Four separate claims were made on four separate Proof of Loss claim forms.  Hatch Aff. 2 at ¶ 4, 5, 6 and 7.  Each Proof of Loss dealt with a single policy and the losses sustained during the applicable policy period.  Hatch Aff. 2 at ¶ 4, 5, 6 and 7.  Insurance Company never responded with a request for more information because it already had all of the information necessary.  Hatch Aff. 2 at ¶ 10.  Instead, it simply filed the present Motion for Summary Judgment.

The <u>only</u> deadline provided for in the Policies is a 60 day requirement <u>after</u> the provision of forms by Insurance Company and a request for more information.  *See* Exhibit A, Tab 7 attached to Insurance Company's first Motion for Summary Judgment. Insurance Company never triggered that 60 day requirement by providing MDB with the necessary forms or requests for investigation of the claims under Policies 3 - 6.  MDB's initial Proof of Loss form provision and request for information was limited solely to the claims under Policies 1 and 2.  Hatch Aff. at ¶ 38 and 39.  MDB did not make a claim under Policies 3 - 6 until it submitted the Proofs of Loss on March 30, 2006.  Hatch Aff. 2 at ¶ 8.  It is axiomatic that the Proofs of Loss could not have been filed after Insurance

---

later given at the earlier date and there would be no present issue of timeliness of proof of loss submission.  Its failure to refer to prior policies or prior losses in its response to Proof of Loss claims under Policies 1 and 2 supports the fact that the Proofs of Loss were limited to those claims and Insurance Company was not generally requesting loss information, but had limited its focus to the claims made by MDB.

Company's request, when Insurance Company made no request regarding Policies 3 -

6. Summary judgment should be denied.

      C.      There Is a Genuine Dispute of the Material Facts over the Timeliness of MDB's Filing of Proofs of Loss with Insurance Company under Policies 3 - 6 for the Coverage Periods 1999-2003 Or a Waiver or Estoppel of Insurance Company to Assert Untimeliness.

In any case, if MDB's Proofs of Loss were not simply timely as a matter of law

based on the above argument, then there is a genuine factual dispute over the material

issue of timeliness of submission of the Proofs of Loss under Policies 3 - 6 which only

the trier of fact may resolve because whether the insured's notice to the insurer of a

claim is timely is a question for the jury. *Travelers Indem. Co. of Illinois v. United Food

& Commercial Workers Intern. Union*, 770 A.2d 978, 991 (D.C. 2001); *Starks v. North

East Ins. Co.*, 408 A.2d 980, 982 (D.C. 1979). Insurance Company never sent the

trigger requirements of the request for information and a provision of the Proof of Loss

forms. As a result, MDB contends the 60 day period never commenced and its Proofs

of Loss were timely. Regardless, MDB provided the Proofs of Loss and information

within a reasonable amount of time after its awareness of the existence of Policies 3 -

6. Hatch Aff. 2 at ¶ 4, 5, 6, and 7. This question cannot be resolved on summary

judgment at this time.

Finally, if summary judgment is not denied on the legal grounds raised in

arguments A and B *supra*, there is a factual issue under the doctrines of waiver and

estoppel raised by the actions of Insurance Company. *Columbia Cas. Co. v. Columbia

Hosp. for Women*, 633 F. Supp. 697, 699 (D. DC. 1986). Its corporate knowledge was

that MDB had policies with it dating back to 1999. But when Insurance Company

accepted MDB's claims and Proofs of Loss under Policies 1 and 2, it did not request that MDB submit Proofs of Loss for Policies 3 - 6.  Now, it tries to assert that MDB's notice was untimely due to this failure.  It cannot contend that MDB's Proofs of Loss were untimely when it never requested that they be submitted, even though it had corporate knowledge of the existence of Policies 3 - 6, and the claims thereunder.  *See FSLIC v. Burdette*, 718 F. Supp. 649, 653 (E.D. Tenn. 1989) (stating that an insurer must notify the insured of its objections within a reasonable period of time or it waives that right).  Under these circumstances, there is a question of waiver or equitable estoppel raised.

**CONCLUSION**.

For the foregoing reasons, as well as those offered at any permitted oral argument before the Court, defendant's summary judgment should be denied.

PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER, CHTD.

By:_____
    Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorney for Plaintiff

-14-