IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff, MDB Communications, Inc., by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, submits the following statements of material facts about which there is no genuine dispute in accordance with LCvR 7(h).

1. MDB Communications, Inc. ("MDB") and Hartford Casualty Insurance Company ("Insurance Company") entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 3") with a policy term of July 28, 2002 until July 28, 2003. *See* Cary Hatch Affidavit at ¶ 46, attached to MDB's Motion for Summary Judgment and incorporated herein ("Hatch. Aff. ¶ __").

2. Policy 3 provided for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty. Hatch. Aff. at ¶ 46.

3. MDB and Insurance Company entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 4") with a policy term of July 28, 2001 until July 28, 2002. Hatch. Aff. at ¶ 45.

4. Policy 4 provided for indemnification of MDB for losses arising, *inter alia*,

from employee dishonesty. Hatch. Aff. at ¶ 45.

5. MDB and Insurance Company entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 5") with a policy term of July 28, 2000 until July 28, 2001. Hatch. Aff. at ¶ 44.

6. Policy 5 provided for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty. Hatch. Aff. at ¶ 44.

7. MDB and Insurance Company entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 6") with a policy term of July 28, 1999 until July 28, 2000. Hatch. Aff. at ¶ 43.

8. Policy 6 provided for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty. Hatch. Aff. at ¶ 43.

9. Policy 3 provided Insurance Company would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty. Hatch. Aff. at ¶ 46.

10. Policy 4 provided Insurance Company would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty. Hatch. Aff. at ¶ 45.

11. Policy 5 provided Insurance Company would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty. Hatch. Aff. at ¶ 44.

12. Policy 6 provided Insurance Company would pay up to $10,000 limit of insurance to cover loss from employee dishonesty. Hatch. Aff. at ¶ 43.

13. At all times during the policy terms of Policy 3, Policy 4, Policy 5, and Policy 6, MDB timely paid all the assessed premiums for these coverages and was not in default of any of its obligations under both policies. *See* Cary Hatch Affidavit ¶ 3, attached to MDB's Memorandum of Points and Authorities in Opposition to Defendant's

Motion to Dismiss Or, Alternatively, for Summary Judgment upon Plaintiff's Complaint("Hatch. Aff. 2 at ¶ __").

14. MDB hired Marilyn Essex ("Employee") May 3, 1999 as its Controller. Hatch Aff. at ¶ 14.

15. Employee had no authority to sign or indorse checks or other negotiable instruments on behalf of MDB. Hatch Aff. at ¶ 15.

16. From 1999 through February 7, 2005, Employee forged the signature of authorized MDB signatories on checks drawn on the bank accounts of MDB. Hatch Aff. at ¶ 17.

17. The forged checks were deposited in the bank accounts of Employee or paid to third parties for her benefit. Hatch Aff. at ¶ 18.

18. During the term of Policy 3, MDB sustained actual losses from the dishonest acts of Employee exceeding the limits of coverage of Policy 3. Hatch Aff. at ¶ 25.

19. During the term of Policy 4, MDB sustained actual losses from the dishonest acts of Employee exceeding the limits of coverage of Policy 4. Hatch Aff. at ¶ 24.

20. During the term of Policy 5, MDB sustained actual losses from the dishonest acts of Employee exceeding the limits of coverage of Policy 5. Hatch Aff. at ¶ 23.

21. During the term of Policy 5, MDB sustained actual losses from the dishonest acts of Employee exceeding the limits of coverage of Policy 5. Hatch Aff. at ¶ 22.

22. During the term of Policy 6, MDB sustained actual losses from the dishonest acts of Employee exceeding the limits of coverage of Policy 6. Hatch Aff. at ¶ 21.

23. About March 30, 2006, MDB provided Insurance Company with notice of the losses arising from the dishonest acts of Employee and covered by Policy 3 by delivering Proof of Loss Form. Hatch Aff. 2 at ¶ 4.

24. About March 30, 2006, MDB provided Insurance Company with notice of the losses arising from the dishonest acts of Employee and covered by Policy 4 by delivering Proof of Loss Form. Hatch Aff. 2 at ¶ 5.

25. About March 30, 2006, MDB provided Insurance Company with notice of the losses arising from the dishonest acts of Employee and covered by Policy 5 by delivering Proof of Loss Form. Hatch Aff. 2 at ¶ 6.

26. About March 30, 2006, MDB provided Insurance Company with notice of the losses from the dishonest acts of Employee and covered by Policy 6 by delivering Proof of Loss Form. Hatch Aff. 2 at ¶ 7.

27. At no time prior to March 30, 2006, did MDB make any claims for losses covered by Policies 3-6. Hatch Aff. 2 at ¶ 8.

28. At no time prior to or subsequent to March 30, 2006, did Insurance Company request MDB provide a signed, sworn statement of loss containing information requested by Insurance Company for investigation of the claims under Policies 3 - 6. Hatch Aff. 2 at ¶ 9.

29. At no time prior to or subsequent to March 30, 2006, did Insurance Company specifically provide MDB with the necessary forms designated by Insurance

Company for providing information requested by Insurance Company for investigation of the claims under Policies 3 - 6.  Hatch Aff. 2 at ¶ 10.

                                  PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER, CHTD.

By:                                  
   Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorney for Plaintiff