# EXHIBIT 13 TO AFFIDAVIT OF
# ROY I. NIEDERMAYER



GLENN M. COOPER
VICTOR J. ROSENBERG*
MARK S. GOLDSTEIN
MARK S. ROTHMAN
STEPHEN H. PALEY
PAULA A. CALIMAFDE
RONALD A. DWECK
ARTHUR H. BLITZ*
ROBERT H. MACLAY
STEVEN A. WIDDES
HOPE B. EASTMAN
WENDELIN I. LIPP*
ALAN S. MARK
DANIEL P. HODIN
ARTHUR G. HOUSE*
ROY I. NIEDERMAYER
DIANE A. FOX
JEFFREY A. KOLENDER

* ALSO ADMITTED IN VIRGINIA
** ALSO ADMITTED IN QUEBEC
† NOT ADMITTED TO DC BAR

LINDA D. SCHWARTZ
WAYNE D. EIG
MARK A. BINSTOCK
PATRICIA M. WEAVER
ALAN D. EISLER*
DANIEL S. KOCH
KATHLEEN M. DUMAIS
JAMES R. HAMMERSCHMIDT
PAUL G. MARCOTTE, JR.
KATHERINE PALUMBO
DEBORAH A. COHN
NICOLAS S. DUFOUR**
HOWARD B. SOYPHER†
AUBREY L. MOSS
HILLARY E. CLARK†
DAVID P. SHAPIRO

OF COUNSEL
ARNOLD B. SHERMAN

WRITER'S E-MAIL AND DIRECT DIAL
TELEPHONE: 301-951-4456
E-MAIL: rniedermayer@paleyrothman.com

ATTORNEYS AT LAW
4800 HAMPDEN LANE, 7TH FLOOR
BETHESDA, MARYLAND 20814-2922
PH 301-656-7603 · FX 301-654-7354

September 8, 2005

Lucinda E. Davis, Esq.
Niles, Barton & Wilmer LLP
111 South Calvert Street
Baltimore, MD 21202

RE: MDB Communications, Inc. Claim Number YKB FD 04055

Dear Lucy:

This is the follow-up to my email to you of Friday, September 2, 2005 concerning your letter August 11, 2005 on behalf of Hartford Casualty Insurance Company rejecting the proof of loses and the claim of MDB Communications, Inc. and offering MDB the opportunity to resubmit substitute Proofs of Loss. Since this letter came directly from you, I assume that all such submissions and responses of MDB are to be made to or through you.

At the outset, I believe it would be helpful if you would clarify the bases for The Hartford's rejection of the Proofs of Loss, as it appears from your letter that The Hartford is not denying that there is coverage for this claim or these types of claims or that under present law or that there are two separate policies covering two different time periods for losses. Rather I understand your letter to be a rejection of the Proofs of Loss on the grounds that no loss has, in fact, been suffered. If I am mistaken on any of these points, please let me know.

With regard to substitute submissions, the original Proofs of Loss represent the losses and the amounts for which MDB understands the policies provide coverage. Based on our prior discussion, I appreciate we disagree on the method to apply any restitution received from Ms. Essex. However, the insured has applied any restitution received in accordance with standard accounting and bookkeeping principles which it deems proper. Therefore, the Proofs of Loss are accurate as originally submitted with respect to amounts claimed and credits applied. By this letter, MDB is resubmitting the Proofs of Loss by incorporation. Please advise me whether delivery of additional copies of the Proofs of Loss submitted in April, 2005 will be necessary. If so, I will be happy to send additional copies to you.

Lucinda E. Davis, Esq.
Niles, Barton & Wilmer LLP
September 6, 2005
Page 2


        Your letter identifies additional information which The Hartford wishes to review in evaluating these claims. I understand that you have requested to see documents covering a larger period of time than the policy terms involving the period of the employment of Ms. Essex, the wrongdoer. The insured desires to cooperate with reasonable requests for additional information. However, the bank statements cover an approximate six year period and are retained in an off site business records storage facility. Production is costly and will require some advance notice. In lieu of the bank statements, I am prepared to provide you with copies of all the forged checks. Please advise me if you wish copies of them in lieu of, or in addition to, a production of the bank statements.

        Similarly, the general journal entries you seek to review cover the same period of time and represent my client's confidential financial information. General journals for past years are also in storage. MDB cannot copy these entries due to the large number and cost. It will do so if The Hartford agrees to reimburse MDB for these costs. Otherwise, we will make mutually agreeable arrangements for whomever you wish to review the entries to see them at MDB's offices during normal business hours. I believe in the past we have discussed a designated accountant to perform this review for The Hartford.

        In order to move the process forward, I have enclosed the contents of Ms. Essex's personnel file (exclusive of her W-2s which are stored offsite but which can be produced at the time of the bank statements as noted above) and documents related to any restitution received.

        This process has already consumed at least five months. Since you have represented to me that The Hartford will pay what is determined to be owed under the policies regardless of whether that is fixed by the company's Proof of Loss process or litigation, my client will refrain from taking alternative action pending a prompt response to this letter but without prejudice to take action concurrent with the internal process.

        Finally, if you believe it would be productive, I am available to discuss alternative resolutions to the claims. I look forward to your constructive response.

                        Sincerely yours,

                        Roy I. Niedermayer

RIN:
Encl.