**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**REPLY MEMORANDUM OF MDB COMMUNICATIONS, INC.
IN SUPPORT OF MOTION TO RECONSIDER, ALTER, OR AMEND
THE COURT ORDER OF MARCH 28, 2007**

Finally, Hartford acknowledges and concedes that as of June 10, 2005 MDB had given it the restitution documents requested by Hartford as of that date. Hartford Opposition at 12. Now, however, Hartford shifts focus and argues that MDB did not provide it with further restitution documentation in response to Hartford's letter of August 11, 2005. The only problem with this new argument is: **MDB did timely respond with those very documents!**

On August 11, 2005, Hartford requested MDB give it:[1/]

> Documentation of any and all restitution received by the insured relating to any theft by Ms. Essex, including all correspondence, agreements, copies of checks received in restitution, and bank statement showing the deposit of any and all monies received in restitution.

---

[1/] MDB gave Hartford other documents at the same time, including Ms. Essex's Employment Agreement, compensation and raise notes, revisions to the employment agreement terms, 401(k) matching contribution data, salary increases, and other personnel file materials exclusive of her W-2s due to privacy concerns. MDB understands the Court based its decision on a failure to give restitution documents. MDB has focused solely on those factual issues in its Motion to Reconsider and this Reply.

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

*See* Paragraph 3 of the May 7, 2007 Affidavit of Roy. I Niedermayer ("Niedermayer May Affidavit") and Exhibit 1, the August 11, 2005 letter itself. MDB promptly answered on September 8, 2005, enclosing "documents related to any restitution received" with its letter.[2/] The restitution documents enclosed with MDB's September 8, 2005 letter included (i) a February 16, 2005 Memorandum and Addendum acknowledging the facts of the theft and agreements regarding unknown loss magnitude, powers of attorney, and restititution; (ii) a Durable Special Power of Attorney for real estate; (iii) a Durable Special Power of Attorney for automobile possession and disposition; (iv) a demand promissory note for $225,000; (v) a March 4, 2005 authorization for the distribution of Ms. Essex's 401(k) Retirement Plan with cover transmission letter to the plan; (vi) a March 3, 2006 401(k) Distribution Request from Ms. Essex; (vii) the 401(k) distribution check and deposit slip to MDB's account; (viii) a July 26, 2005 consignment agreement for the sale of Ms. Essex's jewelry; (ix) a check from Carmax to MDB for the sale proceeds of Ms. Essex's automobile; and (x) the settlement sheet for the sale of Ms. Essex's real estate showing payment to MDB and associated settlement documents. *See* Exhibit 2, September 8, 2005 letter and enclosed documents relating to restitution. Hartford does not dispute it received these documents.

---

[2/] Counsel for MDB does not understand the Court's conclusion that MDB did not provide any additional restitution documents on September 8, 2005. Opinion at 13. MDB's resubmission of the Proofs of Loss without change was not a refusal to supply requested documents, but only a declination to recalculate the amount of losses claimed based on Hartford's communicated legal intepretation of how restitution should be applied in the calculation of the losses. In fact, in addition to actually providing the restitution documents themselves, MDB did provide other additional documentation and agreed to cooperate with Hartford to retrieve documents stored offsite for review by Hartford at a convenient time. *See* Exhibit 2, September 8, 2005 letter and enclosed documents relating to restitution.

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

These documents contradict the representation in Hartford's Opposition that MDB never provided the restitution documents requested by it. Hartford Opposition at 12 and 13. Any factual contention now by Hartford that MDB made no response or did not supply the restitution documents either overlooks or ignores these uncontested facts. Both the reference in MDB's September 8, 2005 letter and the enclosures themselves similarly demonstrate that the Court's statement in its March 28, 2007 Order at 13, i.e., that MDB did not provide or refused to provide the restitution documents until December 2005, is not in accordance with the actual facts. The documents provided included the documents regarding restitution MDB had in its possession at the time of Hartford's August 11, 2006 request. *See* Paragraph 6 of the Niedermayer May Affidavit. Thus, the undisputed evidence shows that MDB responded within 30 days of both Hartford's May and August 2005 requests for the restitution documents identified and asked for by Hartford with copies of the documents.

MDB has provided sufficient evidence for this Court to reconsider the factual finding that MDB did not provide Hartford with information relating to restitution pursuant to its requests of May and August 2005 because on both occasions MDB timely sent to Hartford the documents MDB had which Hartford requested. In any case, based on the documents presented in support of and in opposition to MDB's Motion to Reconsider, Alter, or Amend the Court Order of March 28, 2007, there is, at the very least, a genuine dispute over this very material fact of MDB's provision of restitution documents which prevents entry of summary judgment in favor of Hartford.

For the foregoing reasons, as well as those stated in MDB's Motion to Reconsider, Alter, or Amend the Court Order of March 28, 2007, and any oral argument which may be

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

-3-

permitted, plaintiff MDB Communications, Inc. respectfully requests this Court (i) to alter or amend its March 28, 2007 Order to conform to the facts identified by MDB which demonstrate it did give Hartford the specific restitution documents requested immediately and (ii) grant the relief requested in the order attached to MDB's Motion, or, in the alternative amend the Court's Order to deny summary judgment to both MDB and Hartford.

PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER, CHTD.

By: /s/ Roy Niedermayer
Roy Niedermayer, Esq. #180380
Katharine O. Porwick #502043

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorneys for Plaintiff

### REQUEST FOR HEARING

To the extent counsel have inadvertently created factual confusion by the sequential presentation of the pertinent documents to the Court, MDB requests a brief oral argument on its Motion to Reconsider, Alter, or Amend the Court Order of March 28, 2007 in order to rectify this situation and assist the Court.

/s/ Roy Niedermayer
Roy J. Niedermayer

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354