IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-CV-02131-PLF |
| ) | |
| HARTFORD CASUALTY INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND COMPLAINT**

Plaintiff, MDB Communications, Inc., ("MDB") by and through its counsel, Roy I. Niedermayer, Katharine O. Porwick, and Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd., files this Memorandum of Points and Authorities in opposition to the Motion for Summary Judgment on Plaintiff's Second Complaint filed by defendant ("Hartford") on the grounds and for the reasons stated herein.

**I.    STATEMENT OF MATERIAL FACTS ABOUT WHICH THERE ARE NO GENUINE FACTUAL DISPUTES.**

1.    About March 30, 2006, MDB submitted a Proof of Loss to Hartford under Policy No. 42 SBA EV 9713 ("POL 1999") for the period July 28, 1999 through July 28, 2000. Affidavit of Cary Hatch, attached to MDB's Motion for Summary Judgment in Case 1 at ¶ 22, 37. ("Hatch Aff. at ¶ __"); Affidavit of Cary Hatch, attached to MDB's Opposition to Hartford's Motion to Dismiss in Case 2 filed on May 5, 2006 at ¶ 4 ("Hatch Aff. 2 at ¶ __").[1]

---

[1]    In its opinion, the Court separated the claims under Civil No. 05-02131 involving July 28, 2003 through July 28, 2004 from the other claims in Civil No. 05-0604 involving claims for July 28,1999 through July 28, 2003. The Court denominated the former as Case 1 and the latter as Case 2. MDB will continue to use these designations in its Memorandum.

2. POL 1999 showed a loss amount of $79,219.51 and a set-off or credit in the amount of $79,219.51. Hatch Aff. at ¶ 21.

3. About March 30, 2006, MDB submitted a Proof of Loss to Hartford under Policy No. 42 SBA EV 9713 DV ("POL 2000") for the period July 28, 2000 through July 28, 2001. Hatch Aff. at ¶ 22, 37; Hatch Aff. 2 at ¶ 5.

4. POL 2000 showed a loss amount of $102,230.72 and a set-off or credit in the amount of $102,230.72. Hatch Aff. at ¶ 22.

5. About March 30, 2006, MDB submitted a Proof of Loss to Hartford under Policy No. 42 SBA EV 9713 DV ("POL 2001") for the period July 28, 2001 through July 28, 2002. Hatch Aff. at ¶ 23, 37; Hatch Aff. 2 at ¶ 6.

6. POL 2001 showed a loss amount of $126,330.44 and a set-off or credit in the amount of $97,510.52. Hatch Aff. at ¶ 23.

7. About March 30, 2006, MDB submitted a Proof of Loss to Hartford under Policy No. 42 SBA EV 9713 DV ("POL 2002") for the period July 28, 2002 through July 28, 2003. Hatch Aff. at ¶ 24, 37; Hatch Aff. 2 at ¶ 7.

8. POL 2002 showed a loss amount of $107,341.21 and a set-off or credit in the amount of $0. Hatch Aff. at ¶ 24.

9. Hartford received POL 1999, POL 2000, POL 2001, and POL 2002. Hartford Motion for Summary Judgment on Second Complaint at ¶ 7.

10. Hartford never requested MDB submit Proofs of Loss for claims for the periods July 28, 1999 through July 28, 2003. Hatch Aff. 2 at ¶ 9, 10.

11. Hartford did not respond to MDB's submission of POL 1999, POL 2000, POL 2001, and POL 2002. Hartford Motion for Summary Judgment on Second Complaint at ¶ 7, 8, 9.

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

Case 1:06-cv-00604-PLF   Document 22   Filed 05/11/2007   Page 3 of 10

12. Hartford did not request MDB to provide any separate documentation to support POL 1999, POL 2000, POL 2001, and POL 2002.  Hatch Aff. 2 at ¶ 9, 10.

13. Prior to March 31, 2006, MDB had submitted to Hartford the documentation in MDB's possession supporting or related to the claims in POL 1999, POL 2000, POL 2001, and POL 2002 through letters to Hartford or through responses to discovery propounded by Hartford in this action, Civil No. 05-CV-02131-PLF.  Hatch Aff. at ¶ 37.

14. Prior to March 31, 2006, MDB had submitted to Hartford bank statements for the entire period of the wrongdoer's conduct, the wrongdoer's personnel file and W-2s for the entire period of her employment, documentation of all restitution received by MDB from the wrongdoer, documentation of any theft from MDB by the wrongdoer, correspondence, agreements, copies of checks received in restitution, bank statements showing deposits of monies received in restitution, and MDB's general ledger entries for the period of the wrongdoer's conduct to the extent MDB had such documents.  Hatch Aff. at ¶ 37.

15. Prior to March 31, 2006, Hartford had in its possession documentation relevant and related to POL 1999, POL 2000, POL 2001, and POL 2002.  Hatch Aff. at ¶ 37.

16. Hartford did not make, and has never made, a rejection of MDB's claims in POL 1999, POL 2000, POL 2001, and POL 2002 except in its Motion for Summary Judgment to Second Complaint filed in this pending case.  Hartford's Motion for Summary Judgment on Plaintiff's Second Complaint.

17. MDB gave notice of the events giving rise to its loss to Hartford in February 2005.  Hatch Aff. at ¶ 38, 39.

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

- 3 -

18. Hartford suffered no prejudice in its ability to investigate the claims of MDB in POL 1999, POL 2000, POL 2001, and POL 2002. Hartford's Motion for Summary Judgment on Plaintiff's Second Complaint.

19. Hartford has not claimed or suggested it suffered any prejudice in its ability to investigate the losses claimed in POL 1999, POL 2000, POL 2001, and POL 2002. Hartford's Motion for Summary Judgment on Plaintiff's Second Complaint.

## II. ARGUMENT.

### A. HARTFORD IS NOT ENTITLED TO SUMMARY JUDGMENT ON CASE 2.

Responding to this Court's observation in its March 28, 2007 Opinion at 16-17, that if the insurance policies in Case 2 had identical relevant provisions to the Case 1 policies, then the Court would apply the same analysis and might grant summary judgment in Case 2, Hartford now moves for summary judgment in Case 2. Hartford bases its motion on the technical argument that (i) MDB filed untimely proofs of loss in March 2006 despite MDB's timely notice to Hartford of the existence of its claim; (ii) District of Columbia law mandates strict compliance with all insurance policy contract terms, including deadlines for filing of proofs of loss, without regard to prejudice to Hartford based on *Travelers Indem. Co. v. United Food & Comm. Workers Int'l. Union*, 770 A.2d 978 (D.C. 2001) ("*Travelers Indemnity*"); and (iii) MDB's untimely filings forfeited MDB's coverage and released Hartford from any liability to MDB on its policies. Hartford's summary judgment request should be denied, however, because not only are the facts different from Case 1, but the District of Columbia has never applied a requirement of strict compliance with notice deadlines subsequent to the actual notice by the insured of the existence of a claim. At the very least, there exists genuine disputes over the material facts of both the reasonableness of the timing of the POL 1999-2002 filings and the lack of prejudice to Hartford.

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

**1. MDB Gave Timely Notice of Its Claim of Loss.**

Hartford does not dispute that it received timely notice of the claim by MDB. Thus, even the *dicta* in *Travelers Indemnity* is not applicable here. *Travelers Indemnity* deals with the limited question of whether strict compliance applies to the contractual provision that Travelers must receive "prompt written notice of the claim or suit" in order to trigger an insurer's duty under its policy, nothing more. *Travelers*, 770 A.2d at 991 (emphasis added). There is no discussion in the case of application of strict compliance to any other provision in Travelers' policy, or any insurance company's policy for that matter. Nor does the case discuss a forfeiture rule that an insurance company is relieved of liability for an alleged untimely filing of the proof of loss after timely notice of the claim has been given. Quite simply, the *Travelers Indemnity* case does not extend to actions after notice of the claim and there is no express or fairly implied suggestion by the District of Columbia Court of Appeals in its opinion that it intended to do so.[2]

The District of Columbia Court of Appeals explicitly restricts the scope of *Travelers Indemnity* to the giving of initial notice of the nature and existence of a claim, not to the filing of proofs of loss containing information about the substantive factual details of the claim. Indeed, the limited scope of *Travelers Indemnity* is reinforced by the absence of the District of Columbia Court of Appeals reference to facts about events after the notice of the claim. *Travelers Indemnity* was about notice of the claim only, not provision of subsequent information about the claim itself and the application of this case is limited to this aspect.

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

---

[2] In *Travelers Indemnity*, there is no specification of a period of the insured's delay. *Travelers Indemnity* did not bar any recovery or enter summary judgment in favor of the insurer because of the untimeliness of any post-notice action called for by the policy. Ultimately, the District of Columbia Court of Appeals made no finding of the untimeliness of the notice provision of the Travelers' policy, but reversed the entry of summary judgment and remanded for further factual development on the timeliness of the notice of claim.

- 5 -

Because Hartford only complains about the actions of MDB after notice was given, *Travelers Indemnity* is simply not applicable.

### 2. There is No Requirement of Strict Compliance with Filing of Proofs of Loss Under District of Columbia Law.

Despite the explicitly limited scope of *Travelers Indemnity*, Hartford relies on this Court's apparent extension of the *dicta* in that case, *see* March 28 Opinion at 11-12, that strict compliance with the notice provisions for a claim is also applicable to the filing deadlines for proof of loss. Hartford argues for a total avoidance of any liability of Hartford on the Case 2 policies. This is not now, nor should it be, the law of the District of Columbia. Hartford's application of *Travelers Indemnity* elevates a discussion by the District of Columbia Court of Appeals into a holding and extends the principle of strict compliance both too far and inconsistently with the prior case law on which *Travelers Indemnity* relies.

The policy reasons behind the limited application of the strict compliance rule in *Travelers Indemnity* is clearly expressed by the District of Columbia Court of Appeals – notice of a claim permits the insurer to make "prompt investigation" and contest the claim. *Travelers*, 770 A.2d at 991. Prompt notice avoids the loss of documentary evidence and witnesses through destruction, disappearance and unavailability for any reason, including death. The inability to commence undertaking a factual investigation is important for these reasons and is the basis for the limitation of the District of Columbia Court of Appeals' analysis in *Travelers Indemnity*.

Moreover, the District of Columbia cases leading up to *Travelers Indemnity* make the same policy arguments. In *Diamond Service Co., Inc. v. Utica Mut. Ins. Co.,* 476 A.2d 648 (D.C. 1984), the District of Columbia Court of Appeals required strict compliance to the notice provision of an insurance policy, and did not expand the policy to the subsequent filing of proofs of loss or provision of any other information to Utica Mutual. The *Diamond*

PALEY, ROTHMAN GOLDSTEIN, ROSENBERG, EIG & COOPER CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

- 6 -

*Service* case turned on the insured's actual knowledge of a covered claim for over two years before notifying his carrier of the existence of the claim. During this two year period, Utica Mutual had no knowledge of the existence of a claim or any opportunity to investigate. Again, this case dealt only with the limited notice of the claim not providing all the facts of the claim, statements, documents or other information about the claim. Similarly, in the case of *Greycoat Hanover St. Ltd Ptr. v. Liberty Mut. Ins. Co.*, 657 A.2d 764 (D.C. 1995), another predecessor case addressing the strict compliance notice requirement in the District of Columbia, the District of Columbia Court of Appeals likewise focused solely on the notice of claim and did not extend the principle to subsequent filings or other contract provisions. *See also Greenway v. Selected Risks Ins. Co.*, 307 A.2d 753 (D.C. 1973) (citations omitted) (strictly applying the notice provision of an insurance policy to promote "efficient and economical liability insurance administration . . . in order that proper investigation may be made"). Based upon these cases, the District of Columbia has limited the application of this strict compliance as a bar to liability to the area of notice of the existence of a claim. Hartford did not cite, nor did MDB's research reveal, any case applying this principle to every provision of the insurance contract.

The strict compliance contractual approach without considering a lack of prejudice to Hartford of the timing of the filing of POL 1999 through POL 2002 is not the actual case law of the District of Columbia as noted *supra*. The District of Columbia has no controlling case law or statutory law directly on point on this issues. This Court implicitly recognized this situation by its need for an analytical extension of *Travelers Indemnity* in its March 28 Opinion at 11-12 in lieu of citation of case law support.[3]

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

---

[3]     MDB is fully aware and recognizes that this Court has expressed its views on the strict compliance--notice-prejudice rules and evidenced an inclination to grant summary judgment. MDB raises this matter both for the reasons set forth herein and in order to preserve this important issue for any future appeal.

- 7 -

Since there is no direct, controlling case law on this issue of whether the District of Columbia requires strict compliance with filing deadlines after notice of a claim, this Court has the judicial authority to interpret the state of District of Columbia law. *Sigmund v. Progressive Northern Ins. Co.*, 374 F.Supp.2d 33, 36 (2005). Under these circumstances, this Court "should look to the law of Maryland for guidance." *Id*. Maryland follows the notice-prejudice rule. MD. CODE ANN., INS. § 19-110 (2006 Repl. Vol.). *See also Sherwood Brands, Inc. v. Hartford Acc. and Indem. Co.*, 347 Md. 32, 698 A.2d 1078 (Md. 1997) (an insurer cannot deny liability unless the insurer shows that it has been prejudiced by the delayed notice).

But, in any case, this principle should not be, and will not be, followed in this jurisdiction. As a modern jurisdiction, the District of Columbia would follow the modern approach used by the vast majority of jurisdictions. The rule is not whether a policy provision has been strictly complied with, but whether Hartford has been prejudiced by MDB's alleged untimely actions. For a thorough and excellent discussion of the modern trend for the "notice-prejudice" rule, (as denominated by some courts *see Friedland v. Travelers Indem. Co.*, 105 P.3d 639, 647 (Colo. 2005)), and adoption by a jurisdiction formerly adhering to the traditional common law strict compliance, see *Alcazar v. Hayes*, 982 S.W. 2d 845, 850 (Tenn. 1998) (relying on *Brakeman v. Potomac Ins. Co.*, 472 Pa. 66, 371 A.2d 193 (Pa. 1977)). Those rationales are equally applicable in and would be adopted by the District of Columbia, and should be found to be the present law of the District of Columbia by this Court.

In this case, the losses claimed in the Case 2 proofs of loss occurred during the policy periods July 28, 1999 through July 28, 2003, prior to the Case 1 policy coverage period. MDB filed its Case 2 proofs of loss in March 2006. By December 2005 at the

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

- 8 -

latest, MDB had provided Hartford with the documents related to the actions of Essex and the entirety of the losses during the full period of 1999-2005.  *See* March 28 Opinion at 15. Hartford had knowledge of available information on the total amount of losses, the opportunity to investigate and depose MDB, the chance to interview or depose Ms. Essex, and the opportunity to conduct requests for the voluntary and compulsory production of MDB's or other persons' records and testimony through the discovery process in Case 1. Hartford suffered no actual or claimed prejudice, nor has it claimed any, regarding knowledge of the facts related to all losses, in its investigation of the losses or in contesting any of the claims of MDB.  At no time has it contested actual coverage, only the technical failure to file timely the Case 2 proofs of loss forms and to provide Hartford with documents requested.[4]  Even before the filing of the proofs of loss, MDB had provided descriptive data on how, when, and where the loss occurred for the entire covered period from 1999 through 2005, as well as provided all of the records and documentation requested by Hartford.  With respect to the provision of this dated information, *see* MDB's Memorandum in Support of Plaintiff's Motion for Summary Judgment; MDB's Motion to Reconsider, Alter, or Amend Court Order of March 28, 2007; and MDB's Reply Memorandum thereto filed previously.  Hartford clearly has suffered no actual prejudice.  Under the notice-prejudice rule, Hartford is not entitled to summary judgment in Case 2.

---

[4]     Unlike Case 1, MDB gave Hartford all of the documents requested in Case 2 prior to filing the proofs of loss.  *See* Motion for Summary Judgment, Motion to Reconsider, Alter or Amend and Reply Memorandum thereto of MDB filed previously herein.  The Case 2 factual circumstances are thus different and do not present the same issue of the application of the "strict compliance" rule of *Travelers Indemnity* because MDB gave the restitution and other documents before the proofs of loss were submitted.

Even if MDB had not provided Hartford with all requested documents, the *Travelers Indemnity* strict compliance rule does not apply to Case 1 anyway for the same reason that it does not apply to Case 2 as argued herein.

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

### 3. There is a Factual Dispute About Whether MDB Provided Hartford with Timely Proofs of Loss the Precludes Summary Judgment.

Because of the foregoing legal limitation of the actual holding of *Travelers Indemnity* and its preceding cases and the application of the notice-prejudice principle, summary judgment cannot be granted to Hartford because there is a genuine factual dispute over the issue of the reasonableness of the timing of the filing of the proofs of loss under all the circumstances and the existence of prejudice to Hartford based on the filing dates. The current factual record is incomplete on all of the surrounding circumstances regarding the timing of the filing of the proofs of loss with regard to the state of Hartford's knowledge and investigation of the claims of Case 2. For this separate and independent reason, summary judgment should not be granted.

### III. CONCLUSION.

For the foregoing reasons, plaintiff MDB Communications, Inc. respectfully requests this Court to deny Hartford's Motion for Summary Judgment.

> PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER, CHTD.
>
> By: /s/ Roy Niedermayer
> Roy Niedermayer, Esq. #180380
> Katharine O. Porwick, *pro hac vice*
>
> 4800 Hampden Lane, 7th Floor
> Bethesda, MD 20814
> Telephone: (301) 951-4456
>
> Attorneys for Plaintiff

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301) 654-7354